## NORTH JERSEY STREET RAILWAY COMPANY v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

Argued February 18, 1902—Decided June 9, 1902.

1. Where a city street had been paved and improved under chapter 217 of the laws of 1895 (*Pamph. L., p. 407; Gen. Stat., p. 487*), authorizing the board or body having control of the streets and highways of any city of the first class of this state to pave or otherwise improve any street, avenue or public highway in such city and to cause so much thereof as shall equal the amount of benefits to be assessed by its proper officers upon the property specially benefited thereby, it was held, on review, that an assessment of such benefits made upon a street railway constructed and operated along the street in question under the authority of a municipal ordinance, was unauthorized and should be set aside.

2. The decision is based upon the ground that the right of the railway company to locate its tracks in the street and operate its railway therein was not a lot or parcel of land within the meaning of the statute which, *inter alia,* directs the commissioners, in making their assessment, to make therewith a report and map showing the benefit to each lot or parcel of land specially benefited by the improvement.

3. An ordinance of the city requiring the railway company to pave the space within its tracks and two feet outside the same, gives no authority in support of such an assessment made against the company under the statute named.

---

On *certiorari* to review an assessment.

Before Justices FORT, HENDRICKSON and PITNEY.

For the prosecutor, *James B. Vredenburgh.*

For the defendant, *George L. Record.*

The opinion of the court was delivered by

HENDRICKSON, J.   This writ brings up for review an assessment for benefits for the improvement of West Side avenue, in Jersey City, made against the prosecutor in the following words and figures, to wit: "No. 618, North Jersey Street Railway Co., West Side Branch, $2,000." The improvement was made by the plaintiff under chapter 217 of the laws of 1895 (*Pamph. L., p.* 407; *Gen. Stat., p.* 487), and consisted of the repaving of the avenue and cross streets with belgian blocks from Communipaw avenue on the south to the Pennsylvania railroad tracks on the north. The whole distance covered by the improvement is seven thousand feet. The plaintiff operates a double-track steel railway through the part of this avenue lying between Communipaw avenue and Montgomery street, a distance of three thousand feet. The plaintiff is the successor of the Consolidated Traction Company in the operation of this road, and the latter succeeded the Jersey City and Bergen Railroad Company. The report of the commissioners showed the entire cost of the improvement to be $45,486.02, and that the whole was assessed as benefits except the sum of $931.52, which was to be borne by the city at large. The assessment upon the plaintiff is resisted mainly upon the ground that it is not within the authority of the statute in question.

By reference to section 5 of the act it will be seen that the statutory language directing the assessment for benefits is in these words: "And such commissioners of assessments or officer or officers shall proceed to make the assessment and prepare a report and map showing the benefit to each lot or parcel of land which is specially benefited by reason of the making of the improvement." Again, in section 6, in referring to the question of interest, the statute says: "The amount assessed against each piece of property shall bear interest," &c. We

think the language makes it quite clear that the legislative intent was to confine the assessment for benefits not only to such property as is usually described and understood as land in its generic sense, but to lots, parcels or pieces of land. We are asked by the defendant to extend the meaning of this statute so as to include with the property liable to assessment for benefits the right of the plaintiff to locate its tracks upon the street and operate therein its street railway. It is argued upon that side that this right is land. The Court of Errors has lately decided in *Newark* v. *State Board of Taxation,* 38 *Vroom* 246, that such right does not amount to an interest in the soil of the highways over which the street railway passes. Under this decision it seems quite clear that the property of the railway is not land subject to assessment for benefits conferred under the statute of 1895. But aside from the question of whether the plaintiff's right in the street partakes of the nature of real estate or not, we think it clear that it is not a lot, parcel or piece of land in the sense of that statute.

This view finds support in the decision of this court in *Dean* v. *Paterson,* 38 *Vroom* 199, and in the authorities cited in the opinion on this point.

It is proper to say that the commissioners themselves, who testified frankly, stated that their assessment of the plaintiff was not based on the system of improvements for the benefit of the abutting property owners, but upon the ordinances of Jersey City requiring the plaintiff, as it is claimed, to pave the space within its tracks and also of two feet outside of its tracks. Under such ordinances the city might compel the defendant company to bear the expense of paving within the limits therein prescribed, but it is needless to say that such an obligation on the part of the company cannot be enforced in the proceedings under review.

The assessment will be set aside, with costs.