[No. 7207.   Department One.   August 25, 1909.]

*In re* THIRD AVENUE, SEATTLE.

THE CITY OF SEATTLE, *Respondent,* v. SEATTLE ELECTRIC COMPANY, *Appellant.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—PROPERTY ASSESSABLE—STREET RAILWAY FRANCHISE.   Under Laws 1907, p. 316, authorizing the assessment for local improvements of lots, blocks, tracts or parcels of land "or other property," the franchise of a street railway company to use a street is not *ejusdem generis* or assessable, but is an easement only, and of an intangible quantity; and such statutes will not be enlarged by construction.

Appeal from a judgment of the superior court for King county, Griffin, J., entered October 11, 1907, confirming an assessment made by commissioners appointed to assess property specially benefited by a local improvement, after a hearing before the court without a jury.   Reversed.

*James B. Howe* and *Hugh A. Tait,* for appellant.
*Scott Calhoun* and *King Dykeman,* for respondent.

[1]Reported in 103 Pac. 807.

GOSE, J.—The respondent instituted this proceeding for the purpose of widening Third avenue in the city of Seattle from the north line of Yesler Way to the south line of Park street. A trial was had for the purpose of ascertaining the compensation to be made for the property taken and damaged. Thereafter the board of eminent domain commissioners, to whom the matter was referred, prepared an assessment roll for the purpose of creating a fund with which to pay the damages awarded. The board, *inter alia*, assessed the appellant's "right of way, right of occupancy, franchise, and interest in Third avenue in the city of Seattle," in the sum of $8,365, for alleged benefits incident to the widening of the avenue. The appellant in due time filed its written objections to the assessment, raising numerous questions touching its validity, all of which the court overruled, and entered a judgment confirming the assessment, from which this appeal is prosecuted.

The view we take of the case limits our inquiry to the single question, viz., Was the assessment as to the appellant's franchise authorized by statute? The respondent relies upon Laws 1907, page 316, *et seq.*, to support the judgment. The appellant owns and operates an electric railway on certain streets in the city of Seattle, including Third avenue, under a franchise which consists of the right to "locate, lay down and maintain tracks, conduits and all necessary equipment of every sort, and to erect poles and string wires for street railways, and to construct, maintain and operate a system of street railways within the city of Seattle along the routes (specified in ordinance No. 5874), and to carry passengers, mails and freight thereon, and to charge and collect fares and freight therefor." The former law on this subject, Bal. Code, § 796 (P. C. § 5070), Laws 1893, p. 197, provided that commissioners should "assess the amount so found to be of benefit to the property upon the several lots, blocks, tracts and parcels of land in the

proportion in which they will be severally benefited by such improvement."

In *Seattle v. Seattle Elec. Co.*, 48 Wash. 599, 94 Pac. 194, 15 L. R. A. (N. S.) 486, the city of Seattle sought to assess this franchise as "right of way and trackage," in a certain district which it was then improving. In considering the question of its power to do so under the statute quoted, this court, speaking through Fullerton, J., said:

"A reading of this section makes it at once apparent that the commissioners are authorized to assess only lots, blocks, tracts, and parcels of land specially benefited to pay the costs of a street improvement, and unless the respondent's interests in this street can be held to be one or the other of these there is no authority for the charge the commissioners sought to impose upon it. It seems to us that it cannot be so held. The respondent's right in the street is in no sense a lot, block, tract or parcel of land. It does not own the fee of the street over which its tracks are laid and its cars operated, nor does it have dominion or control over that portion of the street. On the contrary, the fee of the street rests in the abutting property holders, to whom it will revert when the interests of the public therein cease from any cause, and dominion and control over it is vested in the public authorities in whom it will remain as long as the street retains its public character. The respondent's rights therein are such and only such as these public authorities have conferred, and are, roughly speaking, the right to construct and maintain for a limited time a railway track on a fixed portion of the street, and the right to operate cars on such track for the purpose of carrying passengers and freight for hire. This does not constitute either a lot, block, tract or parcel of land, nor does it constitute an interest in land as that term is ordinarily understood, it is an easement only, and as such is not assessable under a power to assess lots, blocks, tracts and parcels of land."

Speaking to the same question, in *In re Third, Fourth and Fifth Avenues*, 49 Wash. 109, 94 Pac. 1075, 95 Pac. 862, at page 119, we said:

"Street railway companies are sometimes required, as a condition for enjoying the franchise to occupy the street, to

contribute to the expense of street improvements.   In that manner they sustain a contractual relation to the city, but that is altogether different from an attempt to levy and enforce an assessment *in rem* against a thing so intangible as the mere right to operate cars upon a street owned by the public."

Practically the only change made in the statute quoted, by the law of 1907, was to add, after the words "lots, blocks, tracts or parcels of land," the words "or other property." The respondent contends that these words enlarge the scope of the property subject to assessment so as to include the assessment in controversy, whilst the appellant asserts that they cannot be given such force.   We think the appellant's contention must prevail.   We have said in the *Seattle* case that the franchise sought to be made the subject of the assessment is not "an interest in land," but an "easement" only; and in the *Third, Fourth and Fifth Avenues* case, that it is an "intangible" quantity.   If the legislature intended to grant the power to assess the franchise of a street railway company, it should, and no doubt would, have provided for such assessment in plain and express terms.   We cannot assume that, in using such general words following associated analogous words of a well understood meaning, it intended to embrace property foreign to the class provided for by the specific words.   Such an interpretation would create a right in the city by a construction which the words do not justify.

The property sought to be assessed is not *ejusdem generis* to "lots, blocks, tracts and parcels of land."   In *State ex rel. Chamberlain v. Daniel,* 17 Wash. 111, 49 Pac. 243, it was held, applying the rule of *ejusdem generis,* that an exemption of $500, and improvements upon land in a like sum, in favor of each person liable to assessment, was not within the provision of art. 2, § 7 of the constitution, permitting the exemption of "property of the United States and of the state, counties, school districts, and other municipal corporations and such other property as the legislature may by

general laws provide." In *People v. New York & Manhattan Beach R. Co.*, 84 N. Y. 565, it was held that real property is not within the purview of an act enumerating "money, funds, credits, and property." In *First Nat. Bank of Joliet v. Adam*, 138 Ill. 483, 28 N. E. 955, it was held that a provision in a lease giving a landlord a lien for rent "upon any and all goods, chattels or other property belonging to the lessee," does not include buildings afterwards erected on the leased premises. In *Berg v. Baldwin*, 31 Minn. 541, 18 N. W. 821, it was held that the statute giving treble damages against any person who should carry away any "wood, timber, lumber, hay, grass, or other personal property" did not apply to taking "two young oxen." In *Livermore v. Freeholders of County of Camden*, 29 N. J. L. 245, it was held that an injury sustained by the plaintiff's mill dam and sluice over a certain stream, caused by the fall of a county bridge upon the dam and sluice gates, gave him no cause of action under a statute which provided that if any damage should happen to any person, his, her, or their team or other property, by reason of the insufficiency or want of repair of any bridge upon any public road, the person sustaining the damage should have a right to recover his damages against the board of freeholders. See, also, *Dietz v. Mission Transfer Co.*, 95 Cal. 92, 30 Pac. 380; Sutherland, Statutory Construction, § 284. Statutes conferring the power to levy and collect assessments for special benefits will not be enlarged by an equitable construction. *Buckley v. Tacoma*, 9 Wash. 253, 37 Pac. 441.

The case will, therefore, be remanded with directions to vacate the judgment as to the appellant and sustain its objections to the assessment roll. The appellant will recover its costs.

Rudkin, C. J., Chadwick, Fullerton, and Morris, JJ., concur.