[No. 9072.    Department Two.    January 7, 1911.]

MILDRED SIMONS, *Respondent*, v. JOHN A. WILSON, *Appellant*.[1]

TRESPASS—CUTTING TREES—TREBLE DAMAGES—MUNICIPAL COR-
PORATIONS—STREETS—OWNERSHIP OF FEE. Rem. & Bal. Code, § 939,
giving treble damages for the cutting of any trees upon any city
lot or upon any highway in front of the same, the owner of city
lots may recover treble damages for the cutting of trees in an
abutting street and alley, whether as owner of the lots or as owner
of the fee in the street; since the fee to the street rests in the
owner of the abutting property.

Appeal from a judgment of the superior court for Spokane
county, Huneke, J., entered January 3, 1910, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action for trespass. Affirmed.

*C. C. Upton*, for appellant.

*D. W. Henley*, for respondent.

MORRIS, J.—Respondent is the owner of lots in Cannon
Hill addition to Spokane, which are unimproved and unoc-
cupied. In the street abutting on the north of said lots and
in the alley at the rear, a number of pine trees were growing.
Between the north lot line and the south curb line of the
street, the trees were from six to twelve inches in diameter.
Those in the alley were somewhat smaller. In March, 1909,
appellant, without any authority or permission so to do,
and for no apparent purpose so far as we can ascertain from
the record, cut these trees down and carried them away.
Thereupon respondent commenced this action under Rem. &
Bal. Code, § 939, providing:

"Whenever any person shall cut down, girdle, or otherwise
injure or carry off any tree, timber, or shrub on the land of
another person, or on the street or highway in front of any

[1]Reported in 112 Pac. 653.

person's house, village, town, or city lot, or cultivated ground, or on the common or public grounds of any village, town, or city, or on the street or highway in front thereof, without lawful authority, in an action by such person, village, town or city, against the person committing such trespasses, or any of them, if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefor."

Upon the trial the court found for respondent, and assessed the damage at the sum of $100, which, as provided in the statute, was trebled, and judgment given for $300, from which defendant appeals.

The contention of appellant here is that respondent has no right of action, not being the owner of the land upon which the trees were growing when cut, and that the section quoted simply provides the measure of damage in cases where the right of action exists independent of the statute. He also suggests that the lot owner has no title to any portion of the abutting street. It seems clear that, irrespective of whether the fee to the streets is in the municipality or the abutting lot owners, a right of action is given by this statute to the lot owner, against any person cutting down the trees growing on the street adjacent to such lot. The statute can have no meaning unless it be a recognition of the right of action for trespass resting in either the municipality or lot owner. It could avail appellant nothing if the right of action was not conferred by the statute, since such right undoubtedly exists irrespective of the statute. This court has uniformly held, whenever the question has been suggested, that the fee to the street rests in the owner of the abutting property. *Schwede v. Hemrich Bros. Brewing Co.*, 29 Wash. 21, 69 Pac. 362; *Seattle v. Seattle Elec. Co.*, 48 Wash. 599, 94 Pac. 194, 15 L. R. A. (N. S.) 486; *In re Third Avenue*, 54 Wash. 460, 103 Pac. 807; *Gifford v. Horton*, 54 Wash. 595, 103 Pac. 988. Under such a holding, an undoubted right of action rested in the respondent. So that it is immaterial whether the right exists by virtue of the fee to the street resting in .

respondent, or simply by reason of the statute irrespective of the fee.

Such being the case, the judgment is affirmed.

RUDKIN, C. J., CHADWICK, CROW, and DUNBAR, JJ., concur.