[Civ. No. 1432.   Second Appellate District.—January 9, 1914.]

SAN PEDRO, LOS ANGELES & SALT LAKE RAILROAD COMPANY (a Corporation), Appellant, v. H. L. PILLSBURY, as City Tax and License-Collector of the City of Long Beach, Respondent.

MUNICIPAL CORPORATION—ASSESSMENT FOR PUBLIC IMPROVEMENT—LIABILITY OF RAILROAD RIGHT OF WAY.—A city, if not specially authorized by the legislature in clear and unambiguous language, is without power to levy an assessment on the right-of-way of a railroad company extending through the municipality for a portion of the cost of a combined bulkhead and sidewalk within the limits thereof, or to make any sale of such property to satisfy an assessment so attempted.

ID.—SALE OF RAILROAD RIGHT OF WAY —INJUNCTION.—If a sale of property being used for the purposes of which a railroad ordinarily uses its right-of-way is proposed in pursuance of such assessment, the railroad company is entitled to an injunction.

ID.—STREET ACT OF 1903—APPLICATION TO RAILROAD PROPERTY.—The Street Act of 1903 (Stats. 1903, p. 376) which provides for the "laying out, opening, extending, widening or straightening" of public streets and ways within municipalities, and which expressly provides that in making an assessment for the public work therein provided for, the same shall be levied upon the lands within the assessment district, "including the property of any railroad," does not make the right of way of a railroad corporation liable for assessment and sale on account of work having reference to the improvement of streets already laid out and established.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

A. S. Halsted, W. F. Palmer, F. A. Waters, and Wilfred M. Peck, for Appellant.

Stephen G. Long, City Attorney, and Percy Hight, for Respondent.

JAMES, J.—The stipulated and admitted facts in this case are: That plaintiff at all times material to the matters in controversy was a railroad corporation engaged as a common carrier of freight and passengers, and operating a line of railroad from the bay of San Pedro in Los Angeles County, through the city of Long Beach and other portions of the state of California, to the city of Salt Lake in the state of Utah; that said corporation was the owner of certain ground extending through the city of Long Beach which it actually used in the operation of its railroad; that in the year 1910 certain proceedings were had and taken by the common council of the city of Long Beach whereby it was proposed to construct a combined bulkhead and sidewalk within the limits of the municipality under authority given by an act of the legislature (Stats. 1901, p. 34); that by these proceedings an assessment district was established and an assessment attempted to be levied upon the land of plaintiff, and that the defendant, in default of the payment of such assessment, threatened to make sale of the property to satisfy the charge made against it. . The proceedings were all completed during the year 1910, and the threatened sale was to have taken

place on the seventh day of October of that year.  By the stipulation of the parties it was further agreed that all of the proceedings had by which authority was claimed to be given to make the proposed sale were in due form.

Plaintiff brought this action to have the assessment as to it declared null and void and to secure an injunction to prevent any sale being made of its property.  A preliminary restraining order was issued, but upon trial being had, the case being submitted on a stipulation as to the facts, in substance as they are set out in the foregoing, judgment was entered in favor of defendant.  This appeal, taken from that judgment, followed.

The contention of plaintiff is that as against the right-of-way and property incident to the actual maintenance and operation of the business of a common carrier, a municipality possesses no right to levy such an assessment as that proposed to be collected, or to make any sale of such property to satisfy that claim. The case of *Southern California Ry. Co.* v. *Workman,* 146 Cal. 80, [2 Ann. Cas. 583, 79 Pac. 586, 82 Pac. 79], is relied upon as furnishing authority for appellant's position.  In that decision it is declared that an attempt to enforce an assessment against the right-of-way of a railway corporation is without authority of law.  It was there said: "To enforce an assessment against such right-of-way and track, extending about half a mile in distance, by a sale and conveyance, would necessarily dismember and break up the entirety and utility of the road as a line of travel and commercial intercourse, and interfere with and impair the paramount interests which the public have in it for these purposes.  The property of the corporation in its road and appurtenances essential to its operation and use, annexed to the franchise of the company to maintain and operate its road, is an entirety, and is thus charged, in the hands of the company, with an important trust in favor of the public, though the property in all other respects is essentially private, and operated for private gain. Public policy would seem to forbid a severance and segregation of its several special or particular parts, essential to the exercise of the franchises and the use and operation of the road, in forced sale upon legal process, or for an assessment." The supreme court in that decision cited other cases to the effect that the doctrine was a settled one that a lien would not

be enforced against a fractional part of a railroad's right-of-way, except when specially authorized by the legislature in clear and unambiguous language. Such, then, was the declared policy of the law as applicable to the conditions under which the assessment was attempted to be levied and collected, (assuming that a right-of-way easement was intended to be sold), unless the legislature by some express declaration had determined a contrary policy. General rules of public policy, of course, must be yielded in the face of legislation which pronounces in contradiction or modification thereof. In the opinion of the trial judge, which is printed in the clerk's transcript, it appears that it was considered that this rule of public policy had, subsequent to the making of the decision in *Southern California Ry. Co.* v. *Workman,* 146 Cal. 80, [2 Ann. Cas. 583, 79 Pac. 586, 82 Pac. 79], been the subject of legislative change, and attention is called to the street acts of 1903 (Stats. 1903, p. 376), and 1911 (Stats. 1911, p. 730). The act of 1911 may be left out of consideration wholly, for it was enacted subsequent to the commencement and conclusion of all of the proceedings under which plaintiff's property was attempted to be sold. In the act of 1903, before cited, the legislature has expressly provided that in making an assessment for the public work therein provided for, the same shall be levied upon the lands within the assessment district, "*including the property of any railroad.*" This act was an act which provided for the "laying out, opening, extending, widening, or straightening" of public streets and ways within municipalities, and not an act, as was the act of 1901 and the Vrooman Act (the last mentioned act being the one considered in *Southern California Ry. Co.* v. *Workman,* 146 Cal. 80, [2 Ann. Cas. 583, 79 Pac. 586, 82 Pac. 79]), providing for the doing of work upon streets and ways already laid out and established. There might well have been a good reason why the legislature did not choose to change the policy of the law and make the right-of-way of a railroad corporation liable for assessment and sale on account of work having reference to the improvement of streets already laid out and established, and yet have considered it advisable to make such right-of-way assessable for the purpose of paying a portion of the expenses of laying out, or extending, or widening, or straightening of public streets. Because it was determined as

to one class of street work that such property should be so assessable, furnishes no logical or sufficient reason for the conclusion that the established policy of the law should be deemed to have been then changed as affecting all classes and kinds of street-improvement work which might be done under the different statutes. In the case of *Los Angeles Pacific Co.* v. *Hubbard,* 17 Cal. App. 646, [121 Pac. 306], decided by this court, there was considered the terms of the Street Act of 1903 which, as has been pointed out, contained an express provision making the property of a railroad company liable for the assessments therein provided to be made.

What is said in the foregoing presupposes a condition of the case where the intention of respondent was to sell every interest possessed by appellant in the land. The decision in the Workman case reserved from adjudication the question as to whether the fee or reversionary title of property to which an easement of a right-of-way is attached, might not be sold, leaving undisturbed the easement right. Later the case of *Fox* v. *Workman,* 155 Cal. 201, [100 Pac. 246], arose, that being a suit to recover damages against the municipal treasurer because of his refusal to make a sale on the same property and under the same assessment involved in *Southern California Ry. Co.* v. *Workman,* except that the bondholder therein insisted that he was asking only for a sale of the fee subject to the easement. In considering the latter appeal, the supreme court said: "The opinion of the court (referring to *Southern California Ry. Co.* v. *Workman,* 146 Cal. 80, [2 Ann. Cas. 583, 79 Pac. 586, 82 Pac. 79]) states that it was evidently the intention to assess and sell the right-of-way as described in the assessment. If such easement had not been included in the proposed sale, there would, under the views expressed by the court regarding a sale of the fee, have been nothing to enjoin." The court determined that Fox, the plaintiff, had demanded a sale of both the fee and easement, and that he could not prevail.

In the case at bar it was stipulated, first, that the appellant was the owner in fee of the real property described in the assessment; that respondent proposed to sell the property. The following paragraph is then set out in the written stipulation of facts: "That there is now, and for more than two years last past has been, affixed to and located over, along and

upon the above described parcels of land, a portion of the main line of the railroad owned and operated by the plaintiff under its charter and franchise, consisting of standard gauge tracks, the center lines of which are shown in red upon the map hereto attached, . . . ; and said parcels of land above described are now, and have been during all the times herein referred to, used by the plaintiff for the sole and only purpose of operating its railroad thereon as a common carrier in accordance with the provisions of its charter."

The term "right-of-way" denotes the tenure by which land is held; it is descriptive of the easement right and not of the land to which it is affixed. (*Uhl* v. *Ohio River R. Co.*, 51 W. Va. 106, [41 S. E. 340]; *Atlantic & Pacific R. Co.* v. *Lesueur*, 2 Ariz. 428, [1 L. R. A. 244, 19 Pac 157].) The fact appears then that the property which was proposed to be sold was being used for the purposes for which a railroad ordinarily uses its right-of-way. It is not made to appear that there would be offered for sale the fee subject to the reserved easement in the railroad company to continue to use the ground for right-of-way purposes. If appellant owned the fee in the land, as is admitted, then every lesser interest was merged therein. No person can have an easement in land which he himself owns. (Jones on Easements, sec. 835.) And if, as is also admitted, the only uses to which the land was being put were those necessarily incidental to the operation of appellant's railroad and its business as a common carrier, then the sale proposed to be made would seem to contemplate that appellant's whole interest in the property should be taken away. Whether a sale would actually accomplish this result is not the question; if, under the conditions shown as to appellant's interest in the land, the apparent design of the proceedings was appropriate to accomplish that result, appellant is entitled to the remedy which is sought in this action.

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 10, 1914.

Beatty, C. J., dissented from the order denying a rehearing by the supreme court, and filed the following opinion on March 10, 1914.

BEATTY, C. J.—I dissent from the order denying a rehearing.

The cause is decided on the authority of *Southern California Ry. Co.* v. *Workman,* 146 Cal. 80, [2 Ann. Cas. 583, 79 Pac. 586, 82 Pac. 79], and the grounds of my dissent from the present order are fully stated in my dissenting opinion in that case.