[No. 19702.  Department Two.  January 27, 1926.]

NATIONAL BANK OF TACOMA, *Respondent*, v. THURSTON JOHNSON *et al., doing business under the firm name and style of Johnson & Clark Lumber Company, Appellants.*[1]

[1] MUNICIPAL CORPORATIONS (350)—STREETS—VACATION—TITLE TO VACATED STREET.  The conveyance of lots according to the recorded plat, making no reference to an abutting street that had previously been vacated, does not convey the title to the street which, by the vacation, vested in the then owners of the abutting lots.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered November 12, 1925, upon findings in favor of plaintiff, in an action of ejectment, tried to the court.  Affirmed.

*P. C. Kibbe,* for appellants.

*Frank C. Owings* and *Hayden, Langhorne & Metzger,* for respondent.

MACKINTOSH, J.—Block 38 of Snyder & Stevens Plat of Tenino, as originally platted, was 500 feet long and 260 feet deep and contained twenty lots, each 130 feet deep and 50 feet wide, and was bounded on the west by "G" street, 70 feet in width, and on the east by "F" street, of the same width.  The Tenino Sandstone & Townsite Company, in 1903, purchased property in the Snyder & Stevens Plat, including this block, and, in 1906, "F" and "G" streets were vacated by proper legal proceedings, which are of record.  In 1907, the Sandstone Company changed its name to the Hercules Sandstone Company, and, in 1916, mortgaged Block 38 with other property; in 1918, a receiver was appointed, who took possession of the property, and in 1919, a

¹Reported in 241 Pac. 458.

court order was made granting him the right to sell the property, which was purchased by the respondent, the deed describing Block 38 and "the west half of vacated 'F' street." In 1923 the respondent, by deed, conveyed to the appellants:

"That portion of lots 1 to 10 inclusive, and of lots 16 to 20 inclusive, in block 38, Snyder & Stevens Plat of Tenino, Washington, lying northerly of the right of way of the Northern Pacific spur track, running into the Hercules quarry; also that portion of vacated G street lying northerly of said right of way of the Northern Pacific spur track, and southerly of the south line of vacated 5th street, extended westerly."

Lots 1 to 10 abut on the west half of vacated "F" street, and this action concerns the title to the west half of vacated "F" street, the respondent claiming title thereto, and the appellants making a similar claim in their behalf.

As has been often stated, the conveyance of property abutting upon a platted street covers with it the fee to the center of the street as a part and parcel of the grant, subject, of course, to the easements in favor of the public. *Simons v. Wilson,* 61 Wash. 574, 112 Pac. 653; *Bradley v. Spokane & Inland Empire R. Co.,* 79 Wash. 455, 140 Pac. 688, L. R. A. 1917C 225; *Motoramp Garage Co. v. Tacoma,* 136 Wash. 589, 241 Pac. 16. And when the predecessor in interest of the respondent received title to Block 38 while "F" street remained a public street, it acquired title thereto; and, when the street was subsequently vacated, it got the full fee title to the vacated street, free from the easement theretofore existing. The question then is whether a subsequent deed of Block 38 would carry the fee title to what had at one time been the street.

[1] The conveyance from respondent to the appellants described the lots in Block 38 according to the

plat and made no reference to the vacated "F" street, and, by referring to vacated "G" street, would seem to have indicated that it was not the intention to include vacated "F" street. But it is not necessary to determine what the intention may have been, for the rule does not apply that purchasers acquire the fee to a platted street when, as a matter of fact, at the time of the purchase there was no platted street. The syllabus in *Hagen v. Bolcom Mills*, 74 Wash. 462, 133 Pac. 1000, 134 Pac. 1051, correctly stating the holding of the court in that case, covers the instant situation and is decisive in respondent's favor.

"Where, by the vacation of a street, the owner of all the land on both sides of the street acquired the title to the street, and conveyed the whole property describing the street as a distinct parcel, its future status as such is fixed, and the conveyance is notice to all subsequent grantees in the chain of title that the street is to be treated as a separate tract which does not pass by a subsequent conveyance of abutting lots; since the owner could fix its status and convey it apart from the lots, land is not appurtenant to land, and subsequent purchasers do not buy with reference to a platted street where there is none at the time of their purchase."

Judgment affirmed.

TOLMAN, C. J., MAIN, MITCHELL, and PARKER, JJ., concur.