## DEXTER *v.* RIVERSIDE & OSWEGO MILLS.

*(Supreme Court, General Term, Fourth Department.  July, 1891.)*

**1. DEED—DESCRIPTION OF PROPERTY—INTEREST OF PARTIES.**

Plaintiff purchased a lot fronting on the south side of a street in a village from a corporation owning the street, and the lands on either side thereof.  Defendant dug a ditch in front of defendant's lot, between the sidewalk and the middle of the street, of such depth that it cut off the veins of water supplying plaintiff's well in front of this lot.  *Held,* in an action to recover damages for defendant's alleged trespass in digging the ditch, that the question whether or not the plaintiff's lot extended to the middle of the street was one dependent upon the interest of the parties to plaintiff's deed; and that, plaintiff's deed having described his lot as beginning at a point on the southerly line of the street, and running thence along the south line of that street to a certain point, the intent of the grantor was to exclude any portion of the street from the grant.

**2. TRESPASS—TITLE TO SUPPORT—INJURY TO EASEMENT.**

Defendant having obtained the consent of the village authorities to dig the ditch, and having performed the work without unnecessary delay, and in a proper manner, and plaintiff having only an easement in the street under his deed, the court properly refused to permit him to prove his damages caused by digging the ditch.

Appeal from circuit court, Oswego county.

Action by Edward Dexter against the Riverside & Oswego Mills, to recover damages for an alleged trespass in digging a ditch in front of plaintiff's premises.  On September 10, 1877, the Oswego Falls Manufacturing Company was the owner of the fee of the street known as "Broadway," and of the lands on each side of the same between the river and Granby lake, in the village of Oswego Falls.  On that day it sold and conveyed to E. M. Baker a part of lot No. 1, on block 163, being 50 feet front on Broadway, and described as follows:  "Beginning at a point on the north-west corner of said block number one hundred and sixty-three, at the intersection of Broadway and Second streets, and running thence easterly along the south line of said Broadway fifty feet to a stake; thence southerly, at right angles to said Broadway, one hundred and thirty-two feet to a stake; thence westerly, and parallel with the south line, fifty feet, as it run, along said line to the place of beginning."  Afterwards, and on the same day, it sold and conveyed to the plaintiff a part of the premises then owned by it, described as follows:  "Being a part of lot number one and a part of lot number two of block number one hundred and sixty-three, as the same are laid down on the map of the town plot at Oswego Falls, made by Peter Schenck for Col. James L. Voorhees in 1848, beginning at a point in the north line of said block number one hundred and sixty-three, fifty feet east from the north-west corner of said block number one hundred and sixty-three, being the north-east corner of land owned by Edgar M. Baker; and running thence easterly along Broadway fifty feet to a stake; thence southerly, at right angles to said Broadway, one hundred and thirty-two feet to a stake; thence westerly, and parallel with said Broadway, to the south-east corner of land owned by said Edgar M. Baker; thence northerly, along the east line of said Baker's land, to the place of beginning."  Soon after the conveyance of the premises to the plaintiff, he erected a brick block thereon, fronting on said street, built a sidewalk along the street in front; and dug a well, about 18 feet in depth, on the south side of said street, and within that portion of the street set apart as a sidewalk.  The well furnished an abundant supply of good drinking water.  In December, 1885, the defendant, having duly obtained permission of the village authorities, dug a ditch along the south side of Broadway, about 22 feet from the line of the street, and laid a pipe therein to convey water to its factories.  In so doing it necessarily piled up the dirt in front of the plaintiff's premises some eight or ten feet in height, extending from the ditch which was on that side of the street to the sidewalk, which disturbed the plaintiff's use of his premises for between two and three weeks, and interfered with the

ingress and egress to the building thereon. In digging such ditch the subterranean streams which supplied said well were cut off, so that no water came into the well; but the well itself was not touched. Broadway is a street 100 feet in width. Twenty feet on the south side was designated by a village ordinance as a sidewalk. In October, 1885, and prior to the acts complained of, the defendant acquired the fee of the street, unless a part was conveyed to the plaintiff by the above-mentioned deed to him. On the trial the court held that the plaintiff's deed did not convey to him the title to the center of the street, and upon that ground granted the defendant's motion for a nonsuit. The plaintiff asked to be permitted to give evidence as to his damages; also to go to the jury upon all the questions presented. This was denied by the court, and the plaintiff excepted. From a judgment for defendant, plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Lester & Smith*, for appellant.   *H. E. Nichols*, for respondent.

MARTIN, J. A material, and, perhaps, the most important, question in this case is whether the plaintiff's title extended to the center of the street, or whether it only extended to the southern boundary thereof. The plaintiff's contention is that the center of the street is the boundary of his lot, and hence, that he had title to the lands upon which the defendant made the excavation complained of. On the other hand, the defendant claims that the plaintiff's lot extended only to the southerly line of the street, and that it acquired title to the whole of the street by its deed from the Oswego Falls Manufacturing Company, subject only to the public easement therein. The deed from the Oswego Falls Manufacturing Company to the plaintiff was given prior to the deed to the defendant. The question of plaintiff's title is, therefore, dependent upon his deed. The description contained therein designated the place of commencement as a point in the north line of said block 163, 50 feet easterly from the north-west corner of said block, being the north-east corner of land owned by Edgar M. Baker, and running thence along Broadway 50 feet to a stake. By referring to the description in the deed to Edgar M. Baker, we find that it commenced at a point on the north-west corner of said block, at the intersection of Broadway and Second streets, and running thence easterly along the south line of Broadway 50 feet to a stake. Thus we see that the north-east corner of Edgar M. Baker's lot was on the southerly line of Broadway, and, as that corner was the corner of the plaintiff's lot, it would seem that by the description, "thence along Broadway fifty feet to a stake," it was intended that the line should run along the south line of said street, thus excluding any portion of the land within the boundaries of the street from the plaintiff's lot. While it is an established inference of the common law that a conveyance of land bounded by an existing street carries the title to the center, (*Jackson* v. *Louw*, 12 Johns. 252; *Bissell* v. *Railroad Co.*, 23 N. Y. 61; *Hammond* v. *McLachlan*, 1 Sandf. 323; *Sherman* v. *McKeon*, 38 N. Y. 267; *Perrin* v. *Railroad Co.*, 36 N. Y. 120; *Wager* v. *Railroad Co.*, 25 N. Y. 529; *Wallace* v. *Fee*, 50 N. Y. 694; *In re Ladue*, 118 N. Y. 219, 23 N. E. Rep. 465,) still this inference is not controlling. The question whether the title passes to the center of a stream or highway upon which lands are bounded is one of intent. This intent is to be gathered from the description of the premises, in connection with other parts of the grant, and by reference to the situation of the lands, and the condition and relation of the parties to the lands conveyed and to other lands in the vicinity; and, if an intent to exclude the highway or stream appears by the terms of the grant as interpreted by the surrounding circumstances, the title does not pass. *Mott* v. *Mott*, 68 N. Y. 246; *Bank* v. *Nichols*, 64 N. Y. 65; *Jackson* v. *Hathaway*, 15 Johns. 448; *Augustine* v. *Britt*, 15 Hun, 395, affirmed 80 N. Y. 647; *Insurance Co.* v. *Stevens*, 87 N. Y. 287. Hence the question in this case is

simply one of intent. Was it the intent of the parties to the plaintiff's deed that the plaintiff should take title to the center of the street? We think not. As we have seen, the point at which the plaintiff's premises were to commence was in the southerly line of the street. From that point they were to extend along the street 50 feet. That it was the intent of the parties that they should extend along the southerly line of the street, rather than along the center, is rendered quite obvious from the fact that the starting point in the description was in the south line of the street. Manifestly they could not commence at that point and follow the description in the deed, and still include one-half of the street. The description of the premises, interpreted in the light of the surrounding circumstances, tends to show quite clearly that such was not the intent. We think the court properly held that the plaintiff's title extended only to the south line of the street.

The only remaining question is whether the court properly refused to permit the plaintiff to prove his damages by reason of the obstruction of the street in front of his premises while the defendant was laying its pipe. It was conceded that no unnecessary time was taken in performing the work; nor is it claimed that the work was improperly performed. The trustees of the village gave the defendant permission to lay its pipe under the street, and to make the excavation necessary for that purpose. The plaintiff had only an easement in the street. The defendant, as the owner of the fee, retained the exclusive right to all mines, quarries, springs, and earth, and the use of the land for all purposes not incompatible with the public easement. *Robert* v. *Sadler*, 104 N. Y. 229, 233, 10 N. E. Rep. 428; *Holden* v. *Shattuck*, 34 Vt. 336; *Chamberlain* v. *Enfield*, 43 N. H. 356. It also had the right to lay its pipes across or along the street for the purpose of conveying water to its mills. *Dygert* v. *Schenck*, 23 Wend. 446; *Everhart* v. *Railroad Co.*, 28 Pa. St. 354; *Perley* v. *Chandler*, 6 Mass. 454, 457. Hence the precise question is whether the defendant was liable to the plaintiff for interfering with the surface of the street while laying such pipe. It was said by EARL, J., in *Callanan* v. *Gilman*, 107 N. Y. 365, 14 N. E. Rep. 264: "The primary purpose of streets is use by the public for travel and transportation; and the general rule is that any obstruction of a street or encroachment thereon, which interferes with such use, is a public nuisance. But there are exceptions to the general rule, born of necessity, and justified by public convenience. An abutting owner, engaged in building, may temporarily encroach upon the street by the deposit of building materials. A tradesman may convey goods in the street to or from his adjoining store. A coach or omnibus may stop in the street to take up or set down passengers, and the use of a street for public travel may be temporarily interfered with in a variety of other ways without the creation of what in the law is deemed to be a nuisance. But all such interruptions and obstructions of streets must be justified by necessity. It is not sufficient, however, that the obstructions are necessary with reference to the business of him who erects and maintains them. They must also be reasonable with reference to the rights of the public who have interests in the streets, which may not be sacrificed or disregarded." As the interference with the street in this case was temporary, necessary to the enjoyment of the defendant's right, reasonable with reference to the right of the public, and was with the consent of the public authorities having charge thereof, we are of the opinion it was not a nuisance, and that the court properly held that the plaintiff was not entitled to recover. Judgment affirmed, with costs.

All concur.