ALEXANDER THOM V. COUNTY OF DODGE.

FILED MAY 21, 1902.   No. 11,843.

Commissioner's opinion, Department No. 3.

1. Statutory Bond: OBLIGOR: INTEREST OF WITNESS: BOND AS EVI-
   DENCE. When, for the purpose of showing the interest of a wit-
   ness, it has been proved that he is one of the obligors upon a
   statutory bond, the terms and obligations of which are matters
   of common knowledge, it is not error to refuse to admit the
   bond itself in evidence.

2. Instructions: ISSUES: EVIDENCE: QUESTIONS OF FACT. It is error
   to submit to a jury by instructions questions of fact not em-
   braced in the issues, or concerning which there is no evidence.

3. Land-Owner: PUBLIC ROAD: INCIDENTAL DRAINAGE. A land-owner,
   through or adjacent to whose lands is constructed and main-
   tained a public road, has a right to such advantage from it by
   way of drainage, as is incidental to its existence, and does not
   inconvenience the public or individuals, or injure the public
   work.

ERROR from the district court for Dodge county.   Tried below before GRIMISON, J.   Reversed.

*Enos F. Gray* and *George L. Loomis,* for plaintiff in error.

*Grant G. Martin, Robert J. Stinson, Clark C. McNish* and *Frank Dolezal, contra.*

AMES, C.

This is a proceeding under chapter 89 of the Compiled Statutes to obtain a right of way for a drainage ditch across a tract of land belonging to the plaintiff in error. An appeal was taken to the district court from an assessment of damages by the county board. In the course of the trial three errors are alleged to have intervened, which the plaintiff in error seeks to have corrected by this court.

1. It was disclosed on the trial that two of the witnesses adverse to the plaintiff in error were petitioners for the construction of the ditch, and had signed the bond prescribed by section 16 of article I of the chapter, so as to enable the work to be prosecuted during the pendency of the appeal. The plaintiff in error, for the purpose, as he says, of showing the interest of the witnesses, then offered the bond itself in evidence, but the offer was denied. We do not see that he was prejudiced by the ruling. The execution and delivery of the bond in conformity to the statute, were admitted. Its terms and conditions and the obligation it imposed upon the witnesses are, therefore, matters of common knowledge, and no useful purpose would have been served by making the instrument itself a part of the record.

2. The court, at the request of the county, instructed the jury that, if the ditch "will form an outlet for lateral ditches on plaintiff's land, and thereby provide a means of draining plaintiff's lands  *  *  *  this would be a special benefit to plaintiff's lands, which you are permitted to consider in determining the question as to what extent his land is benefited by said proposed ditch." It does not appear that the construction of any lateral ditch upon the plaintiff's land was contemplated as a part of the improvement in question or otherwise, nor is there any evidence that the land was capable of drainage by that means. The instruction seems, therefore, to be clearly obnoxious to the familiar rule in this court against

submitting to a jury by instructions questions of fact not embraced in the issues, or concerning which there is no evidence. The defendant in error seeks to uphold the instruction as having reference to such furrows and channels upon the surface of the land as are incidental to its cultivation, but this interpretation is manifestly too far-fetched. By common understanding a lateral ditch to a drainage ditch is itself a ditch especially constructed for the purposes of drainage.

3. Along the margins of the plaintiff's lands were certain public roads at the sides of which were the usual borrow pits or road ditches, which served or might serve, to some extent, to relieve the lands of surface water. The jury were instructed, at the request of the county, that these ditches were constructed exclusively for the drainage of the road, and that no person has a right to use them for the drainage of land, and that in considering the question of benefits, they were not to consider that the plaintiff had any vested right to the use of such ditches and the road grades for the drainage of his land. We think this instruction is somewhat broader than was warranted. Precisely what was meant by "vested right" we do not know, but we think that, so long as the road is maintained, the plaintiff has a right to such advantage from it, by way of drainage of his land, as is incidental to its existence and does not inconvenience the public or individuals or injure the public work. So far as appears, the road is likely to be maintained perpetually in substantially its present condition. If such drainage as is incidental thereto and does not injure or inconvenience the public or individuals, suffices to relieve the plaintiff's lands from surplus water, his property will not be benefited by the building upon it of a drainage ditch. That this instruction was intended covertly to negative this idea, and that it very probably was understood by the jury as so doing, appears to us to be quite evident, and we are therefore of opinion that the giving of it was error.

For these reasons we recommend that the judgment of the district court be reversed, and a new trial granted.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED AND REMANDED.