[No. 9330.   Department Two.   March 11, 1911.]

MARTIN HOLM, *Appellant*, v. WILLIAM T. MONTGOMERY,
*Respondent*.[1]

HIGHWAYS—RIGHTS OF ABUTTER—TRESPASS—INJUNCTION—WATERS
AND WATER COURSES. Since the fee of public highways rests in the
abutting owner, he may maintain irrigating ditches in the un-
traveled portion thereof; and his rights will be protected by an
injunction against one trespassing thereon by diverting the water
by a continuing act resulting in special damage.

Appeal from a judgment of the superior court for Kittitas
county, Kauffman, J., entered July 5, 1910, upon sustaining
a demurrer to the complaint, dismissing an action to enjoin
a trespass upon a public highway.   Reversed.

*Hovey & Hale*, for appellant.

*Pruyn, Streff & Hoeffler*, for respondent.

MORRIS, J.—Appeal from a judgment dismissing action
upon appellant's refusal to plead further to an order sustain-
ing a general demurrer to his complaint.   The complaint
set forth that appellant was the owner of certain described
real property in Kittitas county, and that Hans Hansen
was the owner of other described land, separated from ap-
pellant's land by a county road sixty feet in width, the trav-
eled portion of the road being in the center thereof, leaving
a strip on each side not necessary for road purposes; that
appellant required water for the proper cultivation of his
lands, which he obtained from ditches and lands north of his
land, some of which he conveyed to his land along the county
road, outside of its traveled portion, part of which water
was waste water from the Hansen land, which appellant had
obtained permission to use, and Hansen had given his con-
sent to the use of the road for the conveyance of this water to
appellant's land; that respondent, without authority from

[1]Reported in 113 Pac. 1115.

any source, had made excavations in the untraveled roadway, and destroyed the dams and culverts constructed by appellant, thereby causing the water to flow away from appellant's land, including the water obtained by appellant from Hansen, and had caused the water to flow to his own lands, and was continuing to do so; that the loss of this water was causing appellant irreparable damage, as without it he could not successfully cultivate his lands. An injunction was prayed for, to restrain respondent from these acts, and from interference with appellant's dams and ditches along the highway.

The theory of the ruling, as we gather it from the briefs, was that appellant had not shown any special damage, nor any license from the county commissioners to run the water along the road; that the complaint showed but a single past act, and appellant himself being a wrongdoer could not invoke the aid of the courts to prevent the acts of respondent.

It has become the settled rule of this court that the public has only an easement of use in a public street or highway, and that the fee rests in the abutting owner. *Simons v. Wilson,* 61 Wash. 574, 112 Pac. 653. Where this rule obtains, it is as well settled that the owner of the abutting property may make such use of the land within the highway as will not interfere with its use for public travel, and that it is a trespass against the owner of abutting property to make excavations in the highway, or otherwise disturb its use as a public highway. 15 Am. & Eng. Ency. Law (2d ed.), 416. The use which the abutting owner may make of the highway includes the right to maintain ditches or drains for the benefit of his lands; providing he maintains no nuisance in so doing, nor interferes with the use as a highway. *Groton v. Haines,* 36 N. H. 388; *Woodring v. Forks Township,* 28 Pa. St. 355, 70 Am. Dec. 134; *Nelson v. Fehd,* 203 Ill. 120, 67 N. E. 828; *Dexter v. Riverside & Oswego Mills,* 15 N. Y. Supp. 374; *Thom v. Dodge County,* 64 Neb. 845, 90 N. W. 763.

The appellant was clearly within his rights in using the highway outside of its traveled portion, and in such a way as not to interfere with the public use. The respondent, in interfering with or destroying such use, was a trespasser. The continued interference would be a continuing trespass, to be restrained by the order of the court when it is shown as alleged that irreparable damage would follow. The allegations of the complaint show the act complained of to be a continuing act resulting in special damage to appellant.

The complaint was good as against a general demurrer. The judgment is for that reason reversed, and the cause remanded with instructions to overrule the demurrer, and for further proceedings.

DUNBAR, C. J., CHADWICK, and CROW, JJ., concur.