[No. 18469.    Department Two.    March 29, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. CAMP LEWIS SERVICE & GARAGE COMPANY *et al.*, *Appellants.*[1]

HIGHWAYS (9)—ESTABLISHMENT—TITLE OF STATE—EVIDENCE—SUFFICIENCY. The state's title to the Pacific Highway is sufficiently shown, in an action to remove obstructions, by a written waiver of damages and relinquishment of a right of way to the county, which the county conveyed to the state.

SAME (4)—ESTABLISHMENT—PRESCRIPTION—ADVERSE USE—STATUTES. It is no defense to the state's action to remove obstructions on the Pacific Highway, that the owner of the land was not in possession when he consented to the location and the state acquired title, where the county and state had been in and maintained possession of the right of way for a longer time than required by Rem. Comp. Stat., § 6494, to acquire title by user.

NUISANCE (13)—PUBLIC NUISANCE—OBSTRUCTION OF HIGHWAY. The commanding officer of Camp Lewis cannot grant a license to use the Pacific Highway which runs through the government reservation and belongs to the county and state.

SAME (13). An oil filling station occupying the untravelled portion of a public highway is a nuisance where it tends to obstruct or render the highway dangerous for passage, under Rem. Comp. Stat., § 9914.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered June 25, 1923, upon

[1] Reported in 224 Pac. 584.

findings in favor of the plaintiff, in an action to abate a nuisance, tried to the court.   Modified.

*Revelle, Revelle & Kells,* for appellants.

*The Attorney General* and *Tom W. Holman, Assistant,* for respondent.

PEMBERTON, J.—This is an appeal from the decree declaring the oil station at Camp Lewis operated by appellant as a nuisance.

On the first day of July, 1922, James Allen, the supervisor of highways of the state, served written notice upon appellant to remove its service station and gasoline pump and tanks encroaching upon the Pacific Highway, the notice providing as follows:

''That such encroachment interferes with the full use of said highway for highway purposes and you are therefore hereby notified to immediately remove all buildings and property above described and of whatsoever kind from the right of way of said highway or the undersigned, acting by and under the authority vested in him, will proceed to have such obstructions removed.''

On July 11, the highway committee of the state of Washington, consisting of the governor, the treasurer, the auditor and the supervisor of highways, passed the following resolution:

''Whereas, there is a gasoline station located on the right of way of the Pacific Highway in the vicinity of camp Lewis, Pierce county, and

''Whereas, the owners of said gasoline station were instructed by the Highway Committee on March 15th to remove the gasoline station from off the right of way of the Pacific Highway by July 1, 1922, and

''Whereas, the gasoline station has not been removed from the right of way of the Pacific Highway,

''Now, therefore be it resolved that the Attorney General of the state of Washington, is hereby re-

quested to take the necessary steps to secure the removal of this gasoline station from the right of way of the Pacific Highway.''

Upon the refusal of appellant to remove its service station, this action was instituted to secure the removal of the same.

Appellant contends that the state failed to prove the ownership of the road in question. On December 4, 1911, the owners waived their claims of damages and consented to the location of the road in part as follows:

''We, the undersigned, being the owners   .   .   . hereby consent that said road be established as described herein and surveyed and forever relinquish unto Pierce county, Washington,   .   .   .   giving and granting unto said Pierce county, Washington, the said right-of-way with full power and authority to examine, survey, lay out, and establish said road as proposed and to perpetually maintain the same as a county road.''

After the description of the land in controversy, the owner's name is signed as ''Marcus B. White.'' Pierce county proceeded with the construction of the highway, and on the 13th day of July, 1922, conveyed the same to the state of Washington. It is now known as the Pacific Highway, improved and maintained by the state.

It is contended by appellant that it is not shown that Marcus B. White was ever in possession of the property in question, and that, at the time of the conveyance to the state of Washington, appellant was in possession of the same. The county and the state have owned or have been in possession of this right of way since 1911. Section 6494, Rem. Comp. Stat. [P. C. § 6016], provides that:

''All public roads and highways in this state that have been used as such for a period of not less than

seven years, and are now so used, where the same have been worked and kept up at the expense of the public, are hereby declared to be lawful roads and highways within the meaning and intent of the laws now existing governing public roads and highways in this state.''

The legislature in 1913, ch. 65, p. 221; Rem. Comp. Stat., § 6790, of its session laws, established the Pacific Highway and it has been maintained at all times at public expense. This Pacific Highway borders upon the Northern Pacific Railway right of way. The service station of appellant is located upon that portion of the right of way of the Pacific Highway adjacent to the railway right of way. The only right that appellant has, if any, to occupy this portion of land in controversy is a permit granted by the Camp Lewis Amusement Company, holder of a license and authority from the commanding officer at Camp Lewis. This public highway belonging to Pierce county and the state of Washington, it was not within the authority of the commanding officer to grant a license to appellant or its predecessor in interest.

It is next contended that there is no nuisance shown, and that the fee remains in the owner of the abutting land upon a public highway and the owner may use the untraveled portion for any purpose not conflicting with its use for travel, relying on *Holm v. Montgomery*, 62 Wash. 398, 113 Pac. 1115, 34 L. R. A. (N. S.) 506. Under this record we fail to find that appellant is the owner of the fee. The abutting property is railway property and not the property of appellant. Appellant has no right of occupancy and, in the opinion of the public highway commission, such occupancy is an obstruction of the highway, and therefore constitutes a nuisance under the laws of this state.

''The obstruction of any highway   .   .   .   is a nuisance, and the subject of an action for damages and

other and further relief." Section 943, Rem. Comp. Stat. [P. C. § 8231.]

A nuisance is an act which "unlawfully interferes with, obstructs or tends to obstruct, or render dangerous for passage, any . . . public park, square, street or highway . . . ." Section 9914, Rem. Comp. Stat. [P. C. § 9131-68.]

"Any unauthorized obstruction of a public highway is a nuisance." 37 Cyc. 237.

We are unable to say that the court erred in finding that the service station of appellant is a nuisance.

The judgment runs against "the defendants and each of them." It is contended that the case having been dismissed as to Mary Keller individually, the judgment should run against the marriage community of appellants and not against Mary Keller individually. It is admitted by respondent that Mary Keller, individually, is not involved in this case. The judgment will be modified in that regard, and in all other respects it is affirmed.

BRIDGES and FULLERTON, JJ., concur.

MAIN, C. J., and MITCHELL, J., concur in the result.