THE STATE OF WASHINGTON, *on the Relation of F. E. Reynolds, Appellant,* v. BEN F. HILL *et al., Respondents.*[1]

MANDAMUS (78, 84)—PROCEEDINGS—PETITION—DEMURRER. A complaint in mandamus to compel the city commissioners to remove from the streets and sidewalks gasoline pumps is not demurrable where it is alleged that their maintenance constitute nuisances, which it is the duty of the commissioners to remove and abate.

SAME (76)—PARTIES (15)—DEFENDANTS—PERSONS WHO MAY BE JOINED. A complaint in mandamus to compel city commissioners to remove from the streets and sidewalks gasoline pumps is not demurrable for want of necessary parties, in that the owners of the pumps are not made parties defendant, since, though they are proper parties who may come in or be brought in by the city, they are not necessary parties to the action.

MANDAMUS (36)—TO OFFICERS—SPECIFIC ACTS—GENERAL COURSE OF CONDUCT. It is not a valid objection to mandamus proceedings, to compel city commissioners to remove from the streets and sidewalks. gasoline pumps constituting nuisances that mandamus does not lie to supervise a general course of conduct, since the choice of methods need not be specified in the judgment requiring abatement of the nuisances.

Appeal from an order of the superior court for Walla Walla county, Mills, J., entered August 9, 1924, upon sustaining a demurrer to the petition, dismissing an action for a writ of mandamus.   Reversed.

*W. G. Coleman,* for appellant.

*James P. Neal (Earl W. Benson,* of counsel), for respondents.

MACKINTOSH, J.—The relator, in his petition for a writ of mandate, avouches that he is a taxpayer of the city of Walla Walla, of which respondents are city commissioners; that one of the duties of the city com-

[1]Reported in 237 Pac. 1004.

missioners is to keep the sidewalks free from obstructions; that on the sidewalks of certain streets the respondents have allowed obstructions to exist, consisting of gasoline pumps owned and operated by private individuals, located in such a manner that they occupy a portion of the space needed by pedestrians; that the existence of these obstructions constitutes a nuisance, and is also in violation of a specific ordinance of the city of Walla Walla; that the respondents have neglected and refused to remove the obstructions; his petition concluding with a prayer that the court require the respondents to remove the obstructions and to keep the streets and sidewalks free therefrom.   A demurrer to the petition was sustained, and, the relator refusing to plead further, the action was dismissed. He appeals.

Taking the allegations as true, as we must upon the consideration of a demurrer, it would seem that the position taken by the pleader that the petition shows the existence of nuisances needs no brace or shore beyond that furnished by our opinions in the cases of *State ex rel. Schade Brewing Co. v. Superior Court,* 62 Wash. 96, 113 Pac. 576; *Reed v. Seattle,* 124 Wash. 185, 213 Pac. 923, and *State v. Camp Lewis Service & Garage Co.,* 129 Wash. 166, 224 Pac. 584.   If these gasoline pumps have been constructed and are being maintained as is alleged, they constitute unlawful obstructions upon the public streets and as such are nuisances; that the respondents are impressed with the duty of abating public nuisances would seem to be equally well established.   Walla Walla, in its commission form of government, operates as a city of the second class, and we find §9034, subd. 11, Rem. Comp. Stat. [P. C. § 742], providing that, in cities of the second class, the city authorities have the power and

authority to prevent, remove and abate nuisances. Section 1014, Rem. Comp. Stat. [P. C. § 8187], provides that mandamus may be issued to compel the performance of any duty resulting from an office. In truth, the existence of the nuisance and the right of the court to compel the officers to abate it, were not the determining factors in the consideration of the demurrer to the petition. Apparently what resulted in the sustaining of the demurrer was the contention that all the necessary parties had not been joined as defendants, and that the court would not attempt to compel the doing of acts when it could not be determined when the court's mandate had been complied with.

Upon the first point, it is urged that the owners of these various gasoline pumps should have been made parties to the action for the reason that, if a writ of mandate were directed to the respondents compelling them to abate these nuisances, they would be brought into conflict with the owners of these pumps, who might assert various rights to maintain them and continue their operation, and that these rights could not be determined in this action. The answer to this seems to be that, if the respondents are apprehensive of any such situation arising as might render them liable in any manner to the owners of these appliances, it would lie within their power to have them brought in as proper parties to this proceeding; and if the owners of these appliances themselves are desirous of being heard in this proceeding, they have a right to appear as interveners. They are perfectly proper parties to this action but are not necessary parties, and a demurrer on the ground of the absence of proper parties when they are not necessary parties is not sustainable.

Upon the second point—that the court will not undertake to supervise a general course of conduct, the case of *State ex rel. Hawes v. Brewer*, 39 Wash. 65,

80 Pac. 1101, 109 Am. St. 858, 4 Ann. Cas. 197, is relied on. There this court held that mandamus would not lie to compel a general course of official conduct, for the reason that it is impossible for the court to oversee the performance by the officer of his duties; that mandamus contemplates the necessity of outlining the exact things to be done, to be pointed out in the writ, and is not designed for use when continuous action is to be engaged in. That authority is not conclusive of the question presented by this petition. Although it is true that the prayer of the petition is rather general in some respects, still those general requests may be overlooked and the specific remedy asked for may be considered, which remedy does not call for any supervision of a general line of conduct or demand a continuing course of action. All that the court would be called upon to do, if it should determine upon the hearing of the evidence that the relator had established the facts which he alleged, would be to direct the respondents to proceed to remove the nuisances, leaving to them their choice of methods sanctioned by law. Or the court, if in its discretion deemed it advisable to indicate one particular way in which the nuisance should be abated, could so order in its writ.

The situation is not comparable to that dealt with in the *Brewer* case at all. If the owners of these appliances are brought into the action and the court determines that they are conducting a nuisance and orders an abatement, there would be no situation calling for a continuous course of action, and all that would be necessary would be to indicate the exact thing to be done. When that was done, the writ would have served its purpose, and neither the court, the respondents, the relator nor the nuisance owners would have any further interest or anxiety about the writ.

For these reasons, we hold that the demurrer was improperly sustained, and return the cause to the superior court with directions to enter an order overruling it.

. TOLMAN, C. J., FULLERTON, HOLCOMB, and MITCHELL, JJ., concur.