[No. 22003. Department One. March 26, 1930.]

THE STATE OF WASHINGTON, *on the Relation of J. W. Vandervort, Respondent,* v. L. MURRAY GRANT *et al., Appellants,* PIKE PLACE PUBLIC MARKETS, INCORPORATED, *et al., Interveners and Appellants.*[1]

[1]Reported in 286 Pac. 63.

*Tucker & Tucker* and *Hyland, Elvidge & Alvord,* for appellants Bogga *et al.*

*Thomas J. L. Kennedy* and *J. Ambler Newton,* for appellant Board of Public Works.

*Lane & Thompson* and *McClure & McClure,* for appellants Pike Place Public Markets *et al.*

*Palmer, Askren & Brethorst* and *H. W. Haugland,* for appellant Fairley Corporation.

*Vanderveer, Bassett & Levinson,* for respondent.

MILLARD, J.—This is a mandamus action instituted by a taxpayer to require the removal of market stalls, as a public nuisance, from the west sidewalk of Pike place, a public street of the city of Seattle. From judgment ordering removal of the stalls, the defendant members of the board of public works and the intervening defendants have appealed.

Pike place is a public street and runs in a northerly and southerly direction. Pike street runs in an easterly and westerly direction. Pike place extends from Pike street to a point two hundred feet north of Stewart street. Along the westerly side of Pike place and abutting upon the curb, is a sidewalk, ten feet wide, extending from the curb to the property line. Western avenue is a public street parallel with, and on a grade below, the level of Pike place. Pursuant to an ordinance passed by the Seattle city council in 1921, the Seattle board of public works entered into a written contract with the Public Market & Department Store

Company. Under the terms of that contract, the market company was authorized to build an arcade over the sidewalk on the west side of Pike place and to place booths and market stalls on the sidewalk for a distance of two hundred feet. Part of the booths became the property of the market company, who operated the same as stalls for the sale of merchandise and farm products. The remaining booths were turned over to the city and, by it, leased to various parties for the same purposes. The Pike Place Market building, which has beeen located at this point for many years, was remodeled. The market company also placed booths along the viaduct leading over Western avenue. In lieu of the sidewalk on the west side of Pike place occupied by booths and stalls, the market company and its successors, the intervening appellants, provided a more commodious sidewalk on their own property immediately adjoining the vacated sidewalk.

The lease by the city to the market company and its successors is for a term of fifteen years. The owners of the fee in the property directly abutting on Pike place are the intervening appellants. The validity of the 1921 ordinance having been questioned, the city council, in September, 1927, passed an ordinance reaffirming and ratifying the 1921 ordinance and the contract executed thereunder by the city with the market company.

Relator Vandervort, who seeks writ of mandamus requiring the removal of the stalls from the sidewalk, is a taxpayer and resides in Seattle about seven miles from Pike place. He is not an abutting owner and is not especially affected by the obstruction of the sidewalk otherwise than as a general taxpayer.

The respondent contends that the 1921 ordinance and the contract executed pursuant thereto and the 1927 validating ordinance are void, therefore the obstruc-

tion of the sidewalk by the booths and stalls is unlawful and constitutes a public nuisance, for the abatement of which the respondent, as a resident and taxpayer of Seattle, may maintain this action.

Holding that the city, without color of right or authority, by ordinance and contract, provided for the erection and maintenance of a public nuisance, and that the 1927 ordinance was not effectual to validate the 1921 ordinance and contract, the trial court said:

"Reluctantly I am forced to the conclusion that, where a public nuisance exists, which the proper authorities neglect or refuse to abate, where the ordinary course of law does not afford a plain speedy and adequate remedy, then the writ will issue on the relation of a citizen and taxpayer, though no special, beneficial interest on his part in the relief sought be shown. The case of *State ex rel. Reynolds v. Hill,* 135 Wash. 442, 237 Pac. 1104, I think to be conclusive on this point."

Assuming that the two ordinances and the contract are void, the occupancy of the sidewalk by the stalls is unlawful, therefore such obstruction constitutes a public nuisance.

"Nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission . . . unlawfully interferes with, obstructs or tends to obstruct, . . . any street or highway; . . ." Rem. Comp. Stat., § 9914.

"A public nuisance is one which affects equally the rights of an entire community or neighborhood, although the extent of the damage may be unequal." Rem. Comp. Stat., § 9912.

"It is a public nuisance,— . . . 4. To obstruct or encroach upon public highways, private ways, streets, alleys, . . ." Rem. Comp. Stat., § 9913.

The respondent does not own the property abutting the sidewalk, nor does he own any property in the vicinity of Pike place; in fact he resides seven miles distant from the obstruction of which he com-

plains. He is a taxpayer and a resident of the city of Seattle but he has no special interest, apart from his interest as one of the general public, entitling him to maintain mandamus proceedings to compel the removal of the booths from the sidewalk. The rule is uniformly recognized that,

"In the absence of statute providing otherwise, a public nuisance does not furnish ground for an action either at law or in equity by an individual who merely suffers an injury which is common to the general public, . . ." 46 C. J., p. 728, § 311.

Our statute is declaratory of the rule that it is essential to the right of an individual to relief against a public nuisance that the individual show he has suffered or will suffer special injury other than that in which all the general public share alike.

"A private person may maintain a civil action for a public nuisance, if it is specially injurious to himself, but not otherwise." Rem. Comp. Stat., § 9921.

The rule is discussed as follows in the well considered case of *Wesson v. Washburn Iron Co.*, 13 Allen (Mass.) 95, 90 Am. Dec. 181:

"Where a public right or privilege common to every person in the community is interrupted or interfered with, a nuisance is created by the very act of interruption or interference which subjects the party through whose agency it is done to a public prosecution, although no actual injury or damage may be thereby caused to any one. If, for example, a public way is obstructed, the existence of the obstruction is a nuisance, and punishable as such, even if no inconvenience or delay to public travel actually takes place. It would not be necessary in a prosecution for such a nuisance to show that any one had been delayed or turned aside. The offense would be complete although during the continuance of the obstruction no one had had occasion to pass over the way. The wrong consists in doing an act inconsistent with and in derogation of

the public or common right. It is in cases of this character that the law does not permit private actions to be maintained on proof merely of a disturbance in the enjoyment of the common right, unless special damage is also shown, distinct not only in degree, but in kind, from that which is done to the whole public by the nuisance. . . . When the wrongful act is of itself a disturbance or obstruction only to the exercise of a common and public right, the sole remedy is by public prosecution, unless special damage is caused to individuals. In such case, the act of itself does no wrong to individuals distinct from that done to the whole community."

*Reed v. Seattle,* 124 Wash. 185, 213 Pac. 923, 29 A. L. R. 466; *Motoramp Garage Co. v. Tacoma,* 136 Wash. 589, 241 Pac. 16, and *Anderson v. Nichols,* 152 Wash. 315, 278 Pac. 161, are not in point. The complainants in those actions were abutting property owners or owned property in the vicinity of the obstruction or encroachment, and the injury they suffered differed in kind from that suffered by the general public.

*State v. Camp Lewis Service & Garage Co.,* 129 Wash. 166, 224 Pac. 584, is clearly distinguishable, as that action was by the state to abate a nuisance.

*State ex rel. Reynolds v. Hill,* 135 Wash. 442, 237 Pac. 1004, relied upon by respondent, and deemed by the trial court as conclusive of the question involved in the case at bar, was an action brought by a taxpayer to require the city commission of Walla Walla to remove gasoline pumps from the sidewalks of that city, on the ground that such encroachment was a public nuisance. A demurrer to the complaint was sustained, the parties stood upon the pleadings, and upon appeal to this court, we held that the demurrer was improperly sustained. In that opinion, it is stated that,

"The existence of the nuisance and the right of the court to compel the officers to abate it, were not the determining factors in the consideration of the demurrer to the petition. Apparently what resulted in the sustaining of the demurrer was the contention that all the necessary parties had not been joined as defendants, and that the court would not attempt to compel the doing of acts when it could not be determined when the court's mandate had been complied with."

It was urged by the demurring respondents that the owners of the gasoline pumps should have been made parties to the action. We held that the demurrer, on the ground of the absence of proper parties when they are not necessary parties, is not sustainable. However, there is language in that opinion from which it may be concluded that a taxpayer who is not an abutting owner may maintain mandamus proceedings for the abatement of a public nuisance, though he merely suffers an injury which is common to the general public. Such rule is not consonant with the generally recognized rule and is contrary to Rem. Comp. Stat., § 9921, that a private person can not maintain a civil action for the abatement of a public nuisance when such individual does not suffer injury differing in kind from that suffered by the public generally. Therefore, *State ex rel. Reynolds v. Hill,* 135 Wash. 442, 237 Pac. 1104, is modified in so far as it is at variance with the rule that a public nuisance does not furnish ground for an action by an individual who merely suffers an injury that is common to the general public.

"By the express provisions of the statutes in some jurisdictions persons beneficially interested in compelling the performance of the acts sought to be enforced are the proper or necessary parties to bring proceedings in mandamus for enforcement. However, according to the weight of authority, the writ will not issue under these statutes to compel the performance of a strictly public duty at the instance of a private

citizen having no interest beyond that shared in common with other citizens; but in some jurisdictions the rule is directly to the contrary." 38 C. J., p. 841, § 547.

The right of a private person to maintain a civil action for a public nuisance is definitely and clearly limited by Rem. Comp. Stat., § 9921, to individuals who have suffered special damage distinct from that done to the whole community. It follows that the respondent can not maintain this action, inasmuch as his injury from the obstruction of the sidewalk differs not in kind from that suffered by the public generally.

The judgment appealed from is reversed with directions to dismiss the action.

MITCHELL, C. J., MAIN, PARKER, and TOLMAN, JJ., concur.

