[No. 22088. Department One. April 24, 1930.]

THE STATE OF WASHINGTON, *on the Relation of E. W. Sohlman, Respondent,* v. C. E. B. OLDHAM *et al., Appellants.*[1]

*Thomas Stevenson* and *Marion Garland,* for appellants.

*F. W. Moore,* for respondent.

BEALS, J.—On relator's petition, the superior court granted a writ of mandate requiring the commissioners of the city of Bremerton, a municipal corporation, to remove from the city streets all gas pumps, oil filling stations and similar appliances. The owners of different parcels of property upon which some of the filling stations, gas pumps, *et cetera,* which plaintiff sought to have removed, are located, intervened in the action and participated in the trial thereof. From the judgment of the lower court directing the issuance of the writ of mandate sought by relator, the commissioners and property owners appeal to this court.

Appellants assign several errors, of which it is necessary to notice only one.

Respondent, in his petition for the writ which

[1]Reported in 287 Pac. 680.

he sought, alleged that he was a citizen, resident and taxpayer of the city of Bremerton, which allegation the trial court found to be true. It was neither alleged nor found that respondent had any particular or special interest in the matter of the existence of the alleged obstruction in the streets by reason of which he suf-- fered any special damage by reason of the location of the pumps, filling stations, *et cetera,* in the public highways, it being respondent's contention that, under the doctrine laid down by this court in the case of *State ex rel. Reynolds v. Hill,* 135 Wash. 442, 237 Pac. 1004, respondent was not required to show that he was specially damaged by reason of the existence of a nuisance or obstruction in any public street in order to enable him to maintain an action to abate the same.

Assuming that the obstructions of which respondent complains were existing in the public streets of the city without authority of law, we must, under authority of the recent decision of this court in the case of *State ex rel. Vandervort v. Grant, ante,* p. 96, 286 Pac. 63, hold that respondent, having no special interest in the matter apart from his interest as a member of the general public, is not entitled to maintain this action.

By the case last cited the opinion of this court rendered in the matter of *State ex rel. Reynolds v. Hill, supra,* was modified and it is now the law of this jurisdiction that a public nuisance does not furnish ground for an action by an individual who merely suffers from a nuisance or obstruction in the public streets an injury that is common to the general public.

Upon authority of the case of *State ex rel. Vandervort v. Grant, supra,* the judgment appealed from is reversed with directions to dismiss the action.

MITCHELL, C. J., MAIN, PARKER, and TOLMAN, JJ., concur.