29 P.(2d) 1053

## DUNN v. TOWN OF GALLUP et al.

### No. 3861.

Supreme Court of New Mexico.

Feb. 19, 1934.

H. W. Atkins, of Gallup, and W. A. Keleher and T. E. Jones, both of Albuquerque, for appellant.

H. C. Denny and H. S. Glascock, both of Gallup, for appellees.

WATSON, Chief Justice.

On the petition of John J. Dunn, an alternative writ of mandamus issued from the district court of McKinley county, directed to the town of Gallup and officials thereof, commanding them to cause the removal of specified curb gasoline pumps as street obstructions, or to show cause. An answer raised issues of fact and of law. Upon findings and conclusions, final judgment was entered dismissing the writ. The plaintiff has appealed.

From the entitling of the petition for the alternative writ, it would appear as if the state were the petitioning party, moved by the relation of Mr. Dunn. The cause comes to us so entitled. The record fails to disclose that the state's law officer was consulted or consented to any litigation in

the state's name or interest. Under our statute and customary procedure, we see no occasion for originally employing or now retaining the state's name. To avoid possible misunderstanding or confusion, this court, of its own motion, now amends the title. The relator, Dunn, will henceforth appear to be, as he is in fact, the plaintiff and appellant.

In the town of Gallup abutting owners have erected in the streets some eighteen pumps which they employ in the vending of gasoline for the operation of vehicles. All are on the curb line of the sidewalks, distant, except in one or two cases, ten feet from the property line. This curb line is also in use "for light posts and other legitimate purposes." Incidental, of course, to the use of the pumps, a space in the street proper is occupied by each car being serviced.

When the alternative writ was issued, ordinances of the town prohibited such use of the streets, but they were repealed before the trial. Appellant makes no point of this except to point out that the record discloses no ordinance permitting the use complained of, and that it was conceded that such use has the tacit consent and approval of the municipal authorities. We consider, therefore, for purposes of this appeal, that the situation is that the encroachments exist by mere sufferance.

Appellant has suffered no special or peculiar injury or damage, nor any impairment of right, and has no beneficial interest in the subject-matter of the action, except as a citizen.

The learned trial judge, considering the evidence taken by a referee, specially found that the space occupied by the pumps would not be available to pedestrian use if the pumps were not there; that there remains ample room on the sidewalks; that the space in the streets occupied by cars having their tanks filled is that devoted to "parking for any and all purposes" and not to "traffic"; and that the obstruction is "so slight as to be of no consequence."

The judgment was put upon conclusions that the condition complained of is not detrimental to users of the streets; that the several encroachments are not nuisances; that appellant has no special interest entitling him to sue; that the town board has a discretion with respect to slight encroachments not detrimental to the public; and that the court has a discretion in mandamus.

Appellant's attack upon this decision is directed first and mainly at the conclusions of law. He invokes the doctrine, referred to by some as "iron clad," that the streets "from side to side and end to end" belong to the public; that a city board can do or enact nothing to impair this right or limit the public use without express legislative authority; and that the slightest private encroachment of a permanent nature is a nuisance per se. This being so, he urges, and the regulation of street use and traffic and the abatement of nuisances being committed to the city board, there exists a clear legal duty to cause the removal of these pumps. Since this duty is not met by regulation, but

calls for removal in every instance, it is ministerial, he concludes, and its performance compellable by mandamus.

The first thing that strikes one is that this doctrine, carried to the length above stated, involves serious consequences. Probably no municipal authority in this or any other state has ever performed, or is now performing, its clear legal duty, as appellant defines it. Through mistake or otherwise, there no doubt exist many technical purprestures, which appellant would denominate nuisances per se, not in any substantial way obstructing the public use of the streets, but of great consequence to the abutters who have created and are using them. No decision of ours is likely to cure this evil, if it be an evil. City boards will not be thus aroused to a higher sense of municipal duty, as to a crusade. The general condition will remain as it is, with the added evil of spite suits.

Appellant's fundamental proposition is that any private use of a street amounting to a permanent physical encroachment is a nuisance per se. He is able to cite eminent authority to this sweeping contention. Isolated statements by text-writers support it. Much judicial statement is also available. It is our impression, however, that in its full import it is generally obiter, due to the laying of an unnecessarily broad foundation of principle for the particular decision called for or rule laid down.

On the other hand, the proposition has been denied frequently. Judge McQuillin puts the question thus: "Is an encroachment which is not an obstruction a nuisance, and may a municipality permit and grant the use of a street for a private purpose where it will amount merely to an encroachment and not constitute an obstruction or at least not a material obstruction?" "Municipal Corporations" (2d Ed.) § 1438.

Concerning it he says there is much conflict in the decisions. It is not our purpose to review the authorities generally, nor to pursue the question further than necessary to disposition of this appeal.

Most of the cases brought to our attention involve prosecutions for nuisances or an assertion in some manner of public authority. There is an important difference in principle, pointed out by appellees and impressing us, between such cases and that at bar.

One view of the matter is well stated by the Idaho Supreme Court in a case involving a curb pump. The court said: "The authorities dealing with the question raised by the demurrer are conflicting, but we are of the opinion that the sounder rule, and the rule supported by the better reasoned cases, is to the effect that the streets, from side to side and end to end, belong to the public, and are held by the municipality in trust for the use of the public. The city is therefore without authority, in the absence of a legislative enactment expressly permitting it, to grant a private person or corporation a permit to erect or maintain a permanent obstruction in a public street or thoroughfare for a purely private purpose; we have no such statute in this state. It follows that any one obtaining a permit from the city, for the private use of a public street, as in this case, takes

the same with notice that it is subject to revocation at the will of the city, and, indeed in this view, it matters not whether the use is made in accordance with a permit or without one, the use is merely permissive in either event, and revocable at any time without notice. If the person making such private use of a street goes to expense, he does so at his own risk, and he will not be heard to complain that his property is being taken without due process of law." Keyser v. City of Boise, 30 Idaho, 440, 165 P. 1121, 1122, L. R. A. 1917F, 1004.

We need not question, though not called upon to indorse, the soundness of this doctrine, as applied in that case or in any action, civil or criminal, wherein the public is the complaining party. But in such cases, it seems to us, the principle spends its force. When, as here, the public, represented by the town authorities, is not moved by its own policy or discretion, and the citizen seeks to overcome its mere inertia or to defeat its policy of sufferance, the doctrine of the Idaho case, thought by appellant to aid him, in principle should defeat him.

All statements of the "iron clad" rule limit its application to "permanent encroachments." In the New York decision most nearly in point here, and on which appellant most strongly relies as precedent, quoting from a former decision, it is said: "There are certain exceptions to this general statement, as where there are temporary obstructions, or obstructions which the courts have considered as not amounting to a substantial interference with traffic, and as permissible

and not in conflict with the purposes for which streets and highways are maintained." Kahabka v. Schwab, 205 App. Div. 368, 199 N. Y. S. 551, 553, affirmed without opinion 236 N. Y. 595, 142 N. E. 298.

In a general sense, a curb pump is of a nature to be considered a permanent *structure*. But, under the doctrine for which appellant contends, it is not necessarily or legally a permanent *obstruction or encroachment*. Existing only by sufferance, and removable at any time at the public will, the public's future rights in or uses of the streets are not impaired or jeopardized, and, in principle, the question is the same as it is with respect to a purely temporary encroachment or obstruction. A scaffolding in a busy street may remain for many months, forcing thousands of pedestrians from sidewalk to pavement, and still not be a nuisance per se. On what practical distinction can it be said that a curb pump, encroaching upon the street it is true, but not substantially obstructing its customary uses, and removable at the public will, is a nuisance per se?

The Supreme Court of Ohio, in a well-considered and much-cited opinion, says this: "The rule that every incumbrance is unlawful, unless expressly authorized by the Legislature, is certain and easy of application, but is not according to experience, and may result in a very great inconvenience to many and hardship to a few; and so long as such permits or licenses are revocable at the pleasure of the city, whenever the public convenience requires, and inasmuch as a right to maintain them cannot be acquired by their

use, however long continued, it is better to suffer a few contentions that may arise than to escape them at the expense of the convenience of so many." Kellogg v. Cincinnati Traction Co., 80 Ohio St. 331, 88 N. E. 882, 886, 23 L. R. A. (N. S.) 158, 17 Ann. Cas. 242. See, also, Green v. Miller, 249 N. Y. 88, 162 N. E. 593.

Appellant objects to this reasoning, saying that those who have formulated the rule, in limiting it to "permanent encroachments," have meant permanent in kind, not permanent in right. Perhaps that was what they had in mind. Nevertheless, we have never seen it asserted that a temporary and reasonable encroachment, even though somewhat obstructive of ordinary uses, is a nuisance. The exception, once admitted, establishes, a principle which should operate whether the encroachment be temporary in the one sense or in the other.

The important distinction between the cases mainly relied on and the instant case is that, in the former, the abutter, by resisting the public effort to remove his encroachment, necessarily asserted a permanent right, and, according to the view taken in the Idaho case, could not be heard to contend that the encroachment was harmless.

Appellant cites two cases in which successful resort has been had to mandamus to compel a municipal authority to proceed to the removal of curb pumps. Kahabka v. Schwab, supra, and State ex rel. Reynolds v. Hill, 135 Wash. 442, 237 P. 1004. We do not regard either of them as authority here. Each is planted on the theory that the pumps in fact constituted a substantial interference with public uses of the streets; a theory here excluded by the findings.

In the Washington case, the city commissioners admitted by their demurrer that the pumps occupied space needed by pedestrians, that they were a nuisance, and that they existed in violation of a city ordinance.

In the New York case the court said: "But the obstruction of a gasoline pump is not insignificant; it rests, not only in the structure itself, but in the lines of vehicles frequently and sometimes almost continuously waiting for service. In our opinion the obstruction constitutes a nuisance."

Whether such "opinion" was based on evidence or findings, or on judicial notice of conditions in a large city (Buffalo), is not disclosed by the report.

A more recent New York case (Green v. Miller, supra) is distinctly against appellant's larger contention, and strongly supports the views we here express, going further than we have found it necessary to go.

Appellant challenges the findings that the pumps occupy a space that would not otherwise be available for pedestrians, and that there was ample room on the sidewalks for pedestrians, submitting that there was not substantial evidence to support them. He fails to point out or discuss such evidence as there is. The bare statement or claim is not enough to invoke a review of the record.

Appellant also challenges the finding that the space in the streets occupied by cars being serviced is that devoted to parking for

any and all purposes, and not that reserved for traffic. Again he fails to refer to such evidence as there may be upon the subject. He does, however, state a negative fact which might justify the finding, viz., that the record discloses nothing to prohibit the parking of cars in front of the pump.

Premised on this negative fact, he argues that such parking of cars would prevent sales from the pumps, and would necessitate police action to keep the space clear for the private business purpose. This would be illegal, he urges, citing City of Cincinnati v. Cook, 107 Ohio, 223, 140 N. E. 655.

We readily perceive, as did the New York Supreme Court in Kahabka v. Schwab, supra, that the more serious interference with public use is not likely to be the pumps, standing on the curb line along with other obstructions to possible pedestrian use, but the car, standing in the street having its tank filled, and perhaps others awaiting their turn. The extent of such interference would vary in each of the eighteen cases. The finding is against appellant. It fairly implies that there is no substantial interference with traffic or with free parking. We have no judicial notice or knowledge to the contrary.

The judgment will be affirmed, and the cause will be remanded. It is so ordered.

SADLER and BICKLEY, JJ., concur.

ZINN, J., being disqualified, did not participate.

HUDSPETH, Justice (concurring specially).

The board of trustees of the town of Gallup is without power to license gasoline curb pumps, since the Legislature has not granted the town express authority over such occupancy of the streets. But the testimony of the plaintiff, Dunn, supports the finding of the trial court to the effect that there is now no congestion of traffic. According to the plaintiff, who has resided in Gallup eighteen years, during which entire time curb pumps have been maintained, this condition has not always prevailed. It is not claimed that the falling off in traffic is only temporary.

I take it there would be no abuse of discretion in denying an application for a writ for the removal of pumps from the streets of a near-deserted town or village, or in a similar spite suit. I find no abuse of discretion in the denial of the writ here, and for that reason I concur.