Mandamus by the State, on the relation of Albert J. Bigler and Katharine Bigler, his wife, against City of Miami, and O.P. Hart as City Manager of said city, to require respondents to revoke a license which *Page 208 
authorized the maintenance of a private clubhouse on city owned property. From an order dismissing the amended petition and discharging alternative writ of mandamus, relators appeal.
Affirmed.
This case originated in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. The appellants here were relators and appellees respondents in an action seeking a writ of mandamus to require the respondents to revoke a license which authorized the maintenance of a private club house on city owned property alleged to be a part of a public park known as Coconut Grove Bay Front Park. Upon final hearing the Circuit Judge "ordered, adjudged and decreed that the relators' amended petition be dismissed and the alternative writ of mandamus heretofore issued be discharged."
There is but one question presented for our consideration. It is whether the Circuit Judge committed error in refusing to issue a peremptory writ of mandamus as requested by the relators.
The answer to this query hinges upon whether the relators evidenced a clear legal right to the relief sought in and by their petition. It is too well established to need citation of authority that mandamus will not issue in case of doubt. However, for the convenience of the Bar, reference is made to the case of City of Miami Beach et al. v. State ex rel. Epicure, Inc.,148 Fla. 255, 4 So.2d 116, and cases cited therein.
The able Circuit Judge made the following findings in his order dismissing the amended petition and discharging the alternative writ of mandamus, to-wit:
"1. That the clubhouse of the Coconut Grove Sailing Club occupies a portion of an unopened public street of the City of Miami and is not located upon public park property.
"2. That the permit and license for the construction of said clubhouse was issued by the City of Miami with the understanding that said City and said Club would cooperate in the operation of said Clubhouse.
"3. That Relators have shown no such injury to the public or themselves, by reason of the construction of said Clubhouse, as would entitle them to the relief here sought."
We approve his findings for they are fully sustained by the evidence.
We deem it appropriate to observe that a permanent encroachment by private interests upon the right of public user of parks, streets, sidewalks and other similar lands dedicated to public use will not be permitted. A different case is presented, however, when the alleged encroachment, as here, is not permanent in character and is "so slight as to be of no consequence." Dunn v. Town of Gallup, 38 N.M. 197, 29 P.2d 1053, 1054.
The permit and license for the construction and maintenance of the clubhouse in question may be terminated without cause by the City at any time upon forty days notice. As was found by the Circuit Judge the encroachment is not upon public park property but is upon a portion of an unopened public street. This street is not used as such by the public and the public is not deprived of access to the waters of the bay.
Moreover, in the instant case it has been established that the so-called private sailing club is not in the true sense of the word a private club. To say the least, it partakes of the nature of a quasi public enterprise. Regattas and other sailing events sponsored by the club are open to the public and anyone can join the club who is interested in sailing and is of good character. Even non-members who are interested in sailing are given instructions in that sport by the club. Any person owning a boat who desires to enter the same in a race sponsored by the club is permitted to do so.
At any time that the public may have a real need for use of the small plot of ground upon which the clubhouse is located it is to be presumed the city officials will perform their duty and revoke the license and permit heretofore issued. In this case we *Page 209 
find no immutable or substantial encroachment upon property dedicated for public use or obstruction to essential public user of such land.
The invasion of any public right to use this "Liliputian" portion of the unopened street is so trivial and insignificant as to be unworthy of serious consideration and is insufficient as a basis for the issuance of a peremptory writ of mandamus.
It is our conclusion that the Circuit Judge did not abuse his sound judicial discretion when he dismissed the amended petition and discharged the alternative writ of mandamus.
Affirmed.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur.